UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LISA SIMPSON, ) | |
| ) | |
| Plaintiff, ) | Cause No.: |
| ) | |
| v. ) | |
| ) | |
| THE BOEING COMPANY, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff, Lisa Simpson ("Simpson"), individually and on behalf of all others similarly situated, by and through undersigned counsel, and for their causes of action against Defendant The Boeing Company, states as follows:

### Nature of Case

1. The Boeing Company employs mechanics and/or machinists in the furtherance of its business operations. The Plaintiff and other similarly situated persons applied for positions with Defendant. Instead of hiring Plaintiff and others similarly situated, Defendant hired less qualified and/or equally qualified white male applicants and/or younger applicants. This is an action brought to remedy, inter alia, Defendant's violations of Plaintiff's civil rights pursuant to Title VII of the Civil Rights Act of 1964, as amended; 42 U.S.C. § 1981, Age Discrimination in Employment Act of 1967, as amended; and the Missouri Human Rights Act.

### Jurisdiction and Venue

2. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

3. This Honorable Court has jurisdiction pursuant to 42 U.S.C. 2000e-5 and/or 28 U.S.C. §§ 1331, 1332(d), 1343 (4) and 1367.

1

4. Plaintiff received a notice of right to sue from the Missouri Commission on Human Rights ("MCHR") dated December 30, 2013. (See Exhibit 1).

5. Venue is proper within this district because the unlawful practices complained of herein occurred within the counties of the State of Missouri comprising the Eastern District of Missouri.

## Parties and Claims

6. Plaintiff, Lisa Simpson, is an individual who resided at all relevant times in the County of St. Louis, State of Missouri.

7. Defendant, The Boeing Company, is a foreign corporation incorporated under the laws of the State of Delaware.

8. Defendant regularly and systematically conducts and transacts business associated with and in the counties comprising the Eastern District of Missouri.

9. Plaintiff brings Count I of this action individually and as a class action under Title VII of the Civil Rights Act of 1964, as amended.

10. Plaintiff brings Count II of this action individually and as a class action under 42 U.S.C. § 1981.

11. Plaintiff brings Count III of this action individually and as a class action under the Missouri Human Rights Act.

12. Plaintiff brings Count IV of this action individually and as a class action under the Age Discrimination in Employment Act of 1967.

13. Plaintiff brings Count V of this action individually and as a class action under the Missouri Human Rights Act.

14. Plaintiff brings Count VI of this action individually and as a class action under Title VII of the Civil Rights Act of 1964, as amended.

15. Plaintiff brings Count VII of this action individually and as a class action under the Missouri Human Rights Act.

## General Allegations

16. Plaintiff is a member of a protected class in that she is a female African-American and/or over the age of 40.

17. Defendant The Boeing Company is a company with employees in excess of that number required by the laws referenced in paragraph 1, *supra*.

18. Plaintiff and others similarly situated have applied for positions with the Defendant.

19. Plaintiff's experience and training in aerospace assembly included working for McDonnell Douglas from 1989 through 1993 on various assembly lines for the F-15 Eagle fighter plane.

20. Plaintiff worked for Boeing approximately from 1997 through 1999 on the final assembly line for the F-18 Hornet fighter program before being laid off.  Simpson was eligible for rehire.

21. Beyond working for Boeing and McDonnell Douglas, Plaintiff obtained her MBA degree prior to applying for positions with Boeing.

22. Recently, Simpson applied for several positions with Boeing between January 5, 2012 and April 26, 2012 including:

    (a) January 5, 2012 - Contracts Licensing Specialist;

    (b) January 15, 2012 - Business Skills Rotation Program;

3

  (c)  March 14, 2012 - Assembly Mechanic – Boeing St. Clair Facility;

  (d)  February 23, 2012 - Tooling Mechanic;

  (e)  February 23, 2012 – Tooling Mechanic; and

  (f)  April 26, 2012 - Support Coordinator

23. Plaintiff was rejected for all of the positions she applied for even though she has more than adequate experience, education and training to fill these positions.

24. Upon information and belief, during this time period numerous white males and/or younger employees, some without any experience in the field, were hired instead of Plaintiff.

25. Plaintiff has knowledge and is further aware of other experienced African-American applicants who were not hired while male white employees with little or no experience in the aerospace/composite mechanic fields were hired.

26. Plaintiff and others similarly situated were not hired by Defendant.

27. Plaintiff and others similarly situated were as qualified or more qualified than the white male and/or younger applicants that were eventually hired by Defendant.

28. The failure to hire Plaintiff and other similarly situated were based on the unlawful consideration of gender, race and/or age.

29. Following the actions of Defendant, Plaintiff timely filed a joint complaint with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission in St. Louis, Missouri and was subsequently issued a Right-to-Sue letter, a copy of which is attached as Exhibit 1.

### **Class Action Allegations**

30.     Pursuant to Title VII of the Civil Rights Act of 1964, as amended; 42 U.S.C. § 1981, the Missouri Human Rights Act, and/or Fed.R.Civ.P. Rule 23, Plaintiff bring this action on behalf of herself and a Class (referred to as "Class A") defined as:

> All minority persons (including females and non-caucasian applicants) who applied to work as a mechanic and/or machinist at The Boeing Company at its facilities located in and around St. Louis County and the St. Louis Metropolitan area and were not hired by The Boeing Company.

31.     Pursuant to the Age Discrimination in Employment Act of 1967, the Missouri Human Rights Act, and/or Fed.R.Civ.P. Rule 23, Plaintiff brings this action on behalf of herself and a Class (referred to as "Class B") defined as:

> All persons over the age of 40 who applied to work as a mechanic and/or machinist at The Boeing Company at its facilities located in and around St. Louis County and the St. Louis Metropolitan area and were not hired by The Boeing Company.

32.     The Classes are so numerous that joinder of all members is impracticable. Plaintiff does not know the exact number of Class members because that information is in the exclusive custody and control of Defendant.

33.     There are questions of law and fact common to the Class. Each class has been subject to the same course of conduct by Defendant and has suffered harm as a result of Defendant's conduct. These common questions include:

A.     Whether Defendant failed to hire members of Class A on the unlawful and wrongful basis of gender and race.

B.     Whether Defendant failed to hire members of Class B on the unlawful and wrongful basis of age.

C.     Whether Defendant's practice of hiring less and/or equally qualified white applicants over non-white applicants was in violation of Title VII of the Civil Rights Act of 1964.

  D. Whether Defendant's practice of hiring less and/or equally qualified white applicants over non-white applicants was in violation of 42 U.S.C. § 1981.

  E. Whether Defendant's practice of hiring less and/or equally qualified white applicants over non-white applicants was in violation of the Missouri Human Rights Act.

  F. Whether Defendant's practice of hiring less and/or equally qualified younger applicants over applicants over the age of 40 was in violation of the Age Discrimination in Employment Act of 1967.

  G. Whether Defendant's practice of hiring less and/or equally qualified younger applicants over applicants over the age of 40 was in violation of the Missouri Human Rights Act.

  H. Whether the wrongful and discriminatory conduct and practices of Defendant as alleged herein render them responsible to Plaintiff and to the Class for damages, including punitive damages, attorneys' fees, and injunctive relief under each of the various laws filed hereunder.

34. Defendant's conduct affected Plaintiff personally, but by its nature has also injured other similarly situated individuals who were not hired by the Defendant and who, together with Plaintiff, comprise the Classes.

35. Plaintiff's claims are typical of the claims of the Classes.  Plaintiff is a member of the Classes she seeks to represent, and has suffered harm and may continue to suffer harm due to the discriminatory conduct and practices of Defendant directed to Plaintiff and the Classes as alleged herein.

36. The pursuit of separate actions by individual members of the Classes would create a risk of:

    A. Inconsistent or varying adjudication with respect to individual members of the Classes which would establish incompatible standards of conduct for the party opposing the Classes; or

    B. Adjudications with respect to individual members of the Classes which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

37. Defendant has acted on grounds generally applicable to Plaintiff and the Classes, thereby making appropriate final injunctive relief with respect to the Classes as a whole.

38. Certification of the Classes is appropriate because questions of law or fact common to members to the Classes predominate over any questions affecting only individual members, and a class action is superior to other available methods for a fair and efficient adjudication of the controversy.

39. Plaintiff has retained experienced and competent Class counsel.

40. There are no unusual difficulties likely to be encountered in the management of this case as a class action.  There are no other pending class actions regarding these issues.  A class action is the only feasible method by which this controversy may be resolved.

## **Claims for Relief**

### **COUNT I**

### **(Civil Rights Act –Race Discrimination)**

41. Plaintiff restates and re-alleges paragraphs 1-40 of this Complaint.

42. At all relevant times, Defendant The Boeing Company was an employer covered by and within the meaning of the Civil Rights Act of 1964.

43. Plaintiff's race was a motivating factor in Defendant's wrongful discriminatory treatment described and set forth above.

44. Defendant and their agents, representatives and employees were predisposed to discriminate on the basis of race and acted in accordance with that predisposition.

45. Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

46. If the Plaintiff was not in a protected class, Plaintiff would have been hired by the Defendant.

47. Defendant and their agents, representatives and employees treated Plaintiff differently than similarly situated white applicants based on unlawful consideration of race.

48. As a direct and proximate result of Defendant's wrongful acts, Plaintiff and other similarly situated employees have sustained injuries and damages.  These include, but are not limited to the following: past and future wage loss; past and future lost earning capacity; past and future loss of fringe benefits; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with their enjoyment of life; and emotional distress, all of which will continue into the future.

49. All of the actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff and others similarly situated, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees and expert witness fees; any other relief afforded Plaintiff under The Civil Rights Act, and all other relief deemed just and equitable.

## COUNT II

### (42 U.S.C. § 1981)

50. Plaintiff restates and re-alleges paragraphs 1 - 49 of this Complaint.

51. Defendant violated United States law, specifically 42 U.S.C. § 1981, by failing to hire Plaintiff and others similarly situated based upon the unlawful basis of race.

52. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages.  These include, but are not limited to the following: past and future wage loss; past and future lost earning capacity; past and future loss of fringe benefits; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

53. All of the actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff and others similarly situated, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages,

punitive and exemplary damages; interest, costs and reasonable attorneys' fees and expert witness fees; any other relief afforded Plaintiffs under 42 U.S.C. § 1981, and all other relief deemed just and equitable.

## COUNT III

### (Missouri Human Rights Act)

54. Plaintiff restates and re-alleges paragraphs 1 - 53 of this Complaint.

55. Defendant violated the Missouri Human Rights Act by failing to hire Plaintiff and others similarly situated based upon the unlawful basis of race.

56. Race was a contributing factor in Boeing's decision not to hire Plaintiff and others similarly situated.

57. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to the following: past and future wage loss; past and future lost earning capacity; past and future loss of fringe benefits; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

58. All of the actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff and others similarly situated, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages,

punitive and exemplary damages; interest, costs and reasonable attorneys' fees and expert witness fees; any other relief afforded Plaintiff under The Missouri Human Rights Act, and all other relief deemed just and equitable.

## COUNT IV

### (Age Discrimination in Employment Act of 1967)

59. Plaintiff restates and re-alleges paragraphs 1 - 58 of this Complaint.

60. At all relevant times, Defendant The Boeing Company was an employer covered by and within the meaning of the Age Discrimination in Employment Act of 1967.

61. Plaintiff's age was a motivating factor in Defendant's wrongful discriminatory treatment described and set forth above.

62. Defendant and their agents, representatives and employees were predisposed to discriminate on the basis of age and acted in accordance with that predisposition.

63. Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

64. If the Plaintiff was not in a protected class, Plaintiff would have been hired by the Defendant.

65. Defendant and their agents, representatives and employees treated Plaintiff differently than similarly situated applicants based upon the unlawful consideration of age.

66. Defendant violated the Age Discrimination in Employment Act of 1967 by failing to hire Plaintiff and others similarly situated based upon the unlawful basis of age.

67. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages.  These include, but are not limited to the following: past and future wage loss; past and future lost earning capacity; past and future loss of fringe benefits;

loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

68. All of the actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff and others similarly situated, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees and expert witness fees; any other relief afforded Plaintiff under the Age Discrimination in Employment Act of 1967, and all other relief deemed just and equitable.

## COUNT V

### (Missouri Human Rights Act)

69. Plaintiff restates and re-alleges paragraphs 1 – 68 of this Complaint.

70. Defendant violated the Missouri Human Rights Act by failing to hire Plaintiff and others similarly situated based upon the unlawful basis of age.

71. Age was a contributory factor in Boeing's decision not to hire Plaintiff and others similarly situated.

72. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages. These include, but are not limited to the following: past and future wage loss; past and future lost earning capacity; past and future loss of fringe benefits;

loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

73.     All of the actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff and others similarly situated, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees and expert witness fees; any other relief afforded Plaintiff under the Missouri Human Rights Act, and all other relief deemed just and equitable.

## COUNT VI

### (Civil Rights Act –Gender Discrimination)

74.     Plaintiff restates and re-alleges paragraphs 1-73 of this Complaint.

75.     At all relevant times, Defendant The Boeing Company was an employer covered by and within the meaning of the Civil Rights Act of 1964.

76.     Plaintiff's gender was a motivating factor in Defendant's wrongful discriminatory treatment described and set forth above.

77.     Defendant and their agents, representatives and employees were predisposed to discriminate on the basis of gender and acted in accordance with that predisposition.

78. Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

79. If the Plaintiff was not in a protected class, Plaintiff would have been hired by the Defendant.

80. Defendant and their agents, representatives and employees treated Plaintiff differently than similarly situated white male applicants based on unlawful consideration of gender.

81. As a direct and proximate result of Defendant's wrongful acts, Plaintiff and other similarly situated employees have sustained injuries and damages.  These include, but are not limited to the following: past and future wage loss; past and future lost earning capacity; past and future loss of fringe benefits; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with their enjoyment of life; and emotional distress, all of which will continue into the future.

82. All of the actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff and others similarly situated, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees and expert witness fees; any other relief afforded Plaintiff under The Civil Rights Act, and all other relief deemed just and equitable.

## COUNT VII

### (Missouri Human Rights Act)

83.     Plaintiff restates and re-alleges paragraphs 1 – 82 of this Complaint.

84.     Defendant violated the Missouri Human Rights Act by failing to hire Plaintiff and others similarly situated based upon the unlawful basis of gender.

85.     Gender was a contributory factor in Boeing's decision not to hire Plaintiff and others similarly situated.

86.     As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages.  These include, but are not limited to the following: past and future wage loss; past and future lost earning capacity; past and future loss of fringe benefits; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

87.     All of the actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff and others similarly situated, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees and expert witness fees; any other relief afforded Plaintiff under the Missouri Human Rights Act, and all other relief deemed just and equitable.

### Equitable Tolling and Statutes of Limitation

88. Any applicable statutes of limitations have been tolled by Defendant's unlawful and deceptive practices. Defendant has concealed from Plaintiff and the Classes the truth about their discriminatory practices thereby tolling the running of any applicable statutes of limitations.

### Jury Demand

89. Plaintiff respectfully demands a trial by jury.

### Demand for Relief

WHEREFORE, Plaintiff requests that this Court:

    A.    Certify the Classes as outlined above;

    B.    Award damages in an amount to be determined at trial including all consequential and punitive damages;

    C.    Award pre- and post-judgment interest;

    D.    Award Plaintiff reasonable attorney's fees, costs and expenses; and

90. Award such other relief as the Court deems equitable and just.

Respectfully submitted,

GROWE EISEN KARLEN

*/s/ Jason A. Charpentier*
JASON A. CHARPENTIER (MO #52840)
7733 Forsyth, Suite 325
St. Louis, Missouri 63105
T: (314) 725-1912
F: (314) 261-7326
Jason@groweeisen.com
*Attorney for Plaintiff Lisa Simpson*