UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LISA SIMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14-CV-14 (CEJ) |
| ) | |
| THE BOEING COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss or strike plaintiff's class claims. Plaintiff has responded in opposition, and the issues are fully briefed.

I.   **Background**

Plaintiff Lisa Simpson is an African American woman over the age of 40. She applied for a variety of employment positions with defendant, the Boeing Company, between January and April 2012, but was not hired. She alleges that defendant filled these positions with less qualified white male applicants under the age of 40, and that she was passed over due to her race, age, and gender. Plaintiff brings claims, individually and on behalf of a class, of race discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* (Count I), 42 U.S.C. § 1981 (Count II), and the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. § 213.010, *et seq.* (Count III); age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.* (Count IV) and the MHRA (Count V); and gender discrimination under Title VII (Count VI) and the MHRA (Count VII). She seeks to certify two classes of individuals: (1) Class A - "all minority persons (including females and non-caucasian

applicants) who applied to work as a mechanic and/or machinist at The Boeing Company at its facilities located in and around St. Louis County and the St. Louis Metropolitan area and were not hired by The Boeing Company" and (2) Class B - "all persons over the age of 40 who applied to work as a mechanic and/or machinist at The Boeing Company at its facilities located in and around St. Louis County and the St. Louis Metropolitan area and were not hired by The Boeing Company."

## II. Discussion

Defendant moves to dismiss or strike plaintiff's class claims for failure to exhaust administrative remedies and for failure to state plausible claims of class-wide relief under Fed.R.Civ.P. 23. The Court will address these issues in turn.

### A. Administrative Exhaustion of Class Claims

In order to file suit under Title VII, the ADEA, or the MHRA, a plaintiff must first file an administrative charge of discrimination. See 42 U.S.C. §2000e-5(c); 29 U.S.C. §626(d); Mo. Rev. Stat. § 213.075. The named plaintiff in this action, Lisa Simpson, filed a charge of discrimination with the Missouri Commission on Human Rights (MCHR) and the Equal Employment Opportunity Commission (EEOC) [Doc. #12-1], and was issued a right to sue letter. However, she does not allege that other putative class members have also filled charges. Defendant argues that because other class members have not exhausted their administrative remedies, this case cannot proceed as a class action and plaintiff's class claims must be dismissed. Plaintiff responds that, under the "single-filing rule," putative class members who have not filed administrative charges may "piggyback" on her own properly filed charge.

Under the single-filing rule, once a single plaintiff has filed an administrative charge, other plaintiffs may join the suit without filing separate charges by

"piggybacking" on the original charge.  See  Kloos v. Carter-Day Co., 799 F.2d 397, 400 (8th Cir. 1986) (applying piggybacking to an ADEA claim); Turner v. Sw. Bell Telephone L.P., No. 4:04-CV-1688 (SNL), 2006 WL 903373, at *6 (E.D. Mo. Apr. 7, 2006) (applying Kloos to Title VII and the MHRA).  Circuit Courts of Appeals have developed different tests to determine whether a single charge may serve as the basis for a class action.  See, e.g., Tolliver v. Xerox Corp., 918 F.2d 1052, 1057-58 (2d. Cir. 1990) (summarizing the differing standards).  "The broadest test requires only that the claims of the administrative claimant and the subsequent plaintiff arise out of the same circumstances and occur within the same time frame."  Foster v. Ruhrpumpen, Inc., 365 F.3d 1191, 1197 (10th Cir. 2004) (quoting Howlett v. Holiday Inns, Inc., 49 F.3d 189, 195 (6th Cir. 1995)).  The most restrictive test "requires that the administrative charge not only allege discrimination against a class but also that the claimant purports to represent the class or others similarly situated."  Id. at 1197-98.

The Eighth Circuit Court of Appeals has adopted a middle ground, and applies the single-filing rule only when the original filing places the administrative agency and the employer on notice that class claims may follow.  The purpose of the administrative charge is twofold: it provides the state agency or the EEOC with information and the opportunity to negotiate an end to the unlawful practices through informal methods of conciliation, and it notifies the employer of the claims against it and its exposure to liability.  Kloos, 799 F.2d at 400.  In order for a single administrative charge to serve as the basis for a class action without undermining these twin goals of notice and conciliation, the charge must "fairly anticipate class claims."  Id.  Therefore, while the claimant need not purport to represent a class in the administrative charge, "the administrative claim [must] give notice that the discrimination is 'class-wide,' i.e., …

allege[] discrimination against a class of which the subsequent plaintiff is a member." Tolliver, 918 F.2d at 1058 (citing Kloos, 799 F.2d at 401).

Plaintiff's administrative charge reads, in part:

> Upon information and belief the… positions were filled by predominately less qualified (or not qualified whatsoever) younger, white males. *There is a great disparity in Boeing's hiring practices and they are discriminating against me and other similarly situated individuals on the basis of race, age, and gender.* Boeing has consistently filled open positions that I have applied for with less experienced individuals and I believe I was discriminated against through their hiring practices.

[Doc. #12-1] (emphasis added).

While plaintiff describes her personal experience seeking employment with defendant, she also alleges a "great disparity" in defendant's hiring practices and discrimination against individuals similarly situated to herself. This language is sufficient to put defendant on notice of a potential class action, and cures the deficiency this Court identified in the similar case of Sherrard v. Boeing Co., No. 4:13-CV-1015 (CEJ).

In Sherrard, the administrative charges of the named plaintiffs could be read only to bring individual claims of discrimination. Sherrard v. Boeing Co., No. 4:13-CV-1015 (CEJ), 2013 WL 5786642, at *2 (E.D. Mo. Oct. 28, 2013). They did not reference a widespread disparity in hiring practices or discrimination against similarly situated individuals. Accordingly, the Court granted defendant's motion to dismiss class claims, and found that putative class members could not benefit from the single-filing rule. Id. The administrative charge in this case, unlike the charges in Sherrard, notified the MHRA, the EEOC, and Boeing that plaintiff's accusations encompassed more than just her own isolated experience with discrimination.

Defendant argues that the single-filing rule was abrogated by National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002), and is no longer good law. Morgan

did not directly address the single-filing rule. Rather, it concerned the statutory time period within which to file a charge, and abrogated the continuing violation doctrine. Some courts have acknowledged tension between Morgan and the single-filing rule. See, e.g., Horton v. Jackson Cnty. Bd. of Cnty. Comm'rs, 343 F.3d 897, 900 (7th Cir. 2003); see also Foster v. Ruhrpumpen, Inc., 365 F.3d 1191, 1198-99 (10th Cir. 2004). Although Morgan primarily addresses the continuing violation doctrine, it "is emphatic that 'each discrete discriminatory act [*i.e.*, an act that is not part of a continuing violation] starts a new clock for filing charges alleging that act.'" Horton, 343 F.3d at 900 (7th Cir. 2003) (*quoting* Morgan, 536 U.S. at 113). "The single-filing rule dispenses not only with the need to file a separate charge for each violation of an employee's rights, but also and necessarily with the need to file a *timely* charge." Id.

Despite this acknowledged tension, courts have continued to apply the single-filing rule to class actions. As the Seventh Circuit Court of Appeals noted, "it is hard to quarrel with the original application of the single-filing doctrine, which was to class actions. Requiring that every class member file a separate charge might drown agency and employer alike by touching off a multitude of fruitless negotiations." Horton, 343 F.3d at 900. The Seventh Circuit found it "clear that the single-filing doctrine is indeed valid insofar as class actions are concerned…." Id. The Tenth Circuit Court of Appeals has also continued to apply the single-filing rule. See Foster v. Ruhrpumpen, Inc., 365 F.3d 1191, 1198-99 (10th Cir. 2004) (addressing Morgan, but continuing to apply the single-filing rule). While this Court has not explicitly addressed the impact of Morgan on the single-filing rule, it has continued to discuss and apply that rule as well-settled law. See, e.g., Turner v. Sw. Bell Telephone L.P., No. 4:04-CV-1688 (SNL), 2006 WL 903373, at *6 (E.D. Mo. Apr. 7, 2006) ("The law is well-settled that if one or more

putative members of a class properly file a charge of discrimination with EEOC or MHRA, and receive a Right to Sue letter, it is sufficient exhaustion of administrative remedies….[a]s long as class issues are alleged…."). In short, defendant's contention that Morgan has abrogated the rule is unsupported by case law.

Defendant also argues that, even if the single-filing rule applies to plaintiff's class claims under federal law, it does not apply to her claims under the MHRA. Although Title VII case law is frequently used to interpret analogous discrimination statues in the MHRA, the MHRA "is not merely a reiteration of Title VII." Hammond v. Municipal Correction Institute, 117 S.W.3d 130, 137 (Mo. Ct. App. 2003). Rather, Title VII and the MHRA are "coextensive, *but not identical*, acts." Brady v. Curators of University of Missouri, 213 S.W.3d 101, 112 (Mo. Ct. App. 2006). However, defendant has failed to identify statutory language or Missouri case law that justifies a departure from this Court's long-standing assumption that the single-filing rule applies equally to Title VII and the MHRA. See Turner, 2006 WL 903373 (discussing the single-filing rule in the context of both Title VII and the MHRA).

### B. Sufficiency of Class Claims under Rule 23

Defendant argues that plaintiff's class claims should be dismissed prior to any class discovery or motion to certify a class, because plaintiff has failed to state a plausible claim of class-wide relief. When a defendant moves to dismiss class allegations prior to discovery, the Court should evaluate the motion under a standard similar to that of Fed.R.Civ.P. 12(b)(6). See Ladik v. Wal-Mart Stores, Inc., 291 F.R.D. 263, 269 (W.D. Wis. 2013) (citations omitted). "Under that standard, the plaintiffs' allegations must 'state a claim to relief that is plausible on its face' and 'raise a right to relief above the speculative level.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009)). "In the context of a determination under Rule 23, the question is whether plaintiffs' allegations are sufficient to show that it is plausible that plaintiffs will be able to satisfy the Rule 23 requirements after conducting discovery." Id.

Federal Rule of Civil Procedure 23 sets forth the requirements that must be met for class certification. First, under Rule 23(a), the party seeking to certify a class must show that:

> (1) the class is so numerous that joinder of all members is impracticable,
> (2) there are questions of law or fact common to the class,
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541, 2548 (2011) (quoting Fed.R.Civ.P. 23(a)). The party must also demonstrate that at least one of three requirements listed in Rule 23(b) is satisfied. In this case, plaintiff seeks to satisfy Rule 23(b)(3), and show that "questions of law or fact common to class members predominate over any questions affecting only individual members...."

Defendant asserts that it is evident from the pleadings that plaintiff cannot satisfy the commonality requirement as refined by the Supreme Court in Dukes, 131 S.Ct. at 2522, and that plaintiff will not be able to produce any "glue" to hold together the reasons for defendant's failure to hire class members. The Court previously rejected this argument in Sherrard v. Boeing Co., and found plaintiffs' pleadings sufficient to survive a motion to dismiss.[1] The Court emphasized that, at this early stage of litigation, information about defendant's hiring policies, practices, and procedures - the type of information which would produce "a common answer to the

---

[1] To clarify, in Sherrard the Court dismissed class claims under Title VII, the ADEA, and the MHRA for failure to exhaust administrative remedies. The Court denied the motion to dismiss plaintiffs' class claim of discrimination under 42 U.S.C. § 1981.

-7-

crucial question *why was I disfavored"* Dukes, 131 S.Ct. at 2552 - was unavailable. Sherrard, 2013 WL 5786642, at *3. Defendant argues that the case of Scott v. Family Dollar Stores, Inc., 733 F.3d 105 (4th Cir. 2013), handed down by the Fourth Circuit Court of Appeals just prior to Sherrard, warrants reconsideration of this issue. After taking Scott into consideration, the Court remains convinced that its ruling in Sherrard was correct.

The court in Scott addressed the sufficiency of pleadings in the context of class claims of discrimination. Plaintiffs, store managers at Family Dollar Stores, alleged that "defendant's pay decisions and/or system includes subjectivity and gender stereotyping that causes disparate impact to compensation paid to female store managers." Scott, 733 F.3d at 108-09. Because the complaint did not identify a company-wide practice, policy, or decision-maker responsible for pay and promotion, the court found that plaintiffs' allegations were insufficient to satisfy the commonality standard set forth in Dukes.[2] Id. at 116.

The class allegations in the instant complaint are far narrower than those in Scott or Dukes. Plaintiff is not alleging a disparate impact spanning a nationwide chain of stores. Rather, she alleges that defendant discriminates against minorities through its hiring policies and practices for specific positions at its St. Louis locations. The narrow scope of plaintiff's allegations make this case distinguishable from Scott and Dukes, and increase the likelihood that plaintiff will be able to identify a common answer to the question of why class members were not hired. The Court concludes that it is plausible that plaintiff will be able to satisfy the Rule 23(a)(2)'s commonality requirement after conducting discovery.

---

[2] The court went on to find plaintiffs' amended complaint cured the defects of the original complaint, and remanded the case. Scott, 733 F.3d at 117.

Defendant also argues that plaintiff cannot satisfy the Rule 23(a)(4) requirement that named parties "will fairly and adequately protect the interests of the class." "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." Anchem Prods., Inc. v. Windsor, 521 U.S. 591, 625 (1997). Defendant contends that members of Class A - a combined class of females and racial minorities - and Class B - a class of persons over the age of 40 - have competing claims, because they all claim that defendant failed to hire them to fill a limited number of employment positions. Following this logic, Title VII failure-to-hire or failure-to-promote claims would never be certifiable as class actions, as the number of employment positions or promotions available are always limited. The Court disagrees with defendant's characterization of plaintiff's proposed classes as inherently conflicted. Plaintiff alleges that she and the putative class members suffered the same injuries, and her allegations are sufficient to survive defendant's motion to dismiss.

Finally, defendant argues that individualized damages calculations would overwhelm any common questions of fact or law, precluding a showing of "predominance" under Rule 23(b)(3). This point was raised and rejected in Sherrard. 2013 WL 5786642, at *4. At this stage, it is not clear whether individual or common issues predominate. Indeed, "[c]ommon issues may predominate when liability can be determined on a class-wide basis, even when there are some individualized damages issues." Roberts v. Source for Pub. Data, No. 2:08-cv-4167-NKL, 2009 WL 3837502, *6 (W.D. Mo. Nov. 17, 2009) (quoting Newberg on Class Actions, § 4.25).

"[I]t is a rare case in which it is clear from the pleadings that the plaintiffs may not proceed as a class…." Ladik, 291 F.R.D. at 272. This is not such a case.

\* \* \* \*

For the reasons discussed above,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss or strike plaintiff's class claims [Doc. #11] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of June, 2014.